UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| UNITED STATES OF AMERICA | ) | CR418-001 |
| --- | --- | --- |
| | ) | |
| v. | ) | |
| | ) | |
| COLIN P. PURCELL | ) | |

## AMENDED CONSENT ORDER OF FORFEITURE

WHEREAS, on July 5, 2017, a federal grand jury sitting in the Southern District of Georgia returned a one-count Indictment against Defendant Colin P. Purcell and one other person charging a violation of 18 U.S.C. § 1349 (Count One – Conspiracy to Commit Wire Fraud and Mail Fraud);

WHEREAS, on January 2, 2018, a one-count Information was filed against the Defendant charging a violation of 18 U.S.C. § 371 (Count One – Conspiracy to Commit Securities Fraud, Wire Fraud, and Mail Fraud);

WHEREAS, the Information sought forfeiture pursuant 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) of any property which constitutes or is derived from proceeds obtained as a result of such offense charged in Count One of the Information;

WHEREAS, the Information further provided for the forfeiture of substitute assets pursuant to 21 U.S.C § 853(p) as incorporated by 18 U.S.C. § 981 and 28 U.S.C. § 2461(c) of any other property of Defendant up to the value of the property subject to forfeiture;

WHEREAS, on February 8, 2018, pursuant to a written plea agreement, Defendant pled guilty to Count One of the Information charging a violation of 18 U.S.C. § 371, Conspiracy to Commit Securities Fraud, Wire Fraud, and Mail Fraud;

WHEREAS, pursuant to his plea agreement, Defendant agreed to forfeit to the United States all right, title and interest in any property which constitutes or is derived from proceeds obtained as a result of the offense to which he has pled guilty, including but not limited to the following property:

- a money judgment in the amount of $401,722.56,
- $213.57 seized from River City Bank account ending in XXXX4445,
- $586.16 seized from Commonwealth Bank & Trust account ending in XXXX1268, and
- $3,318.96 seized from Fifth Third Bank account ending in XXXX6093

(collectively, the "Subject Property"); and

WHEREAS, pursuant to his plea agreement Defendant further agreed to waive the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment without further order of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, the Government has established the requisite nexus between the above-described Subject Property and

the offense committed by Defendant, and the Subject Property is hereby forfeited to the United States. At sentencing, the Government shall file an amended consent order of forfeiture that specifies the amount of the forfeiture money judgment to be entered against Defendant.

2. Upon the entry of this Order, in accordance with Fed. R. Crim. P. 32.2(b)(3), the Attorney General (or a designee) is authorized to seize the Subject Property, and to conduct any discovery that may assist in identifying, locating or disposing of the Subject Property, any property traceable thereto, or any property that may be forfeited as substitute assets.

3. Upon entry of this Order, the Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

4. Any person, other than the above-named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 28 U.S.C. § 2461(c).

5. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Consent Order of Forfeiture shall become final as to Defendant at the time of sentencing and shall be made part

of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

6. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, and any additional facts supporting the petitioner's claim and the relief sought.

7. If a petition is filed by a third party, and after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

9. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10. The Clerk of the Court shall forward four certified copies of this Order to Assistant U.S. Attorney Brian T. Rafferty, United States Attorney's Office for the Southern District of Georgia, P.O. Box 8970, Savannah, Georgia 31412.

Date: 9/20/18

_____
LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

WE ASK FOR THIS:

_____
Brian T. Rafferty
Assistant United States Attorney
New York Bar Number 2809440

_____
Colin P. Purcell
Defendant

_____
Richard Decker, Esq.
Attorney for Defendant

Date: 9/20/18

Date: 9/20/18

- 5 -